UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

HOMER AKI MATHIS,

        Petitioner,

-v-                                No. 08 Civ. 3991 (LTS)(FM)

LUIS R. MARSHALL,

        Respondent.

-------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JUL 09 2012

## MEMORANDUM ORDER

On January 30, 2012, Magistrate Judge Frank Maas issued a Report and Recommendation ("Report") recommending that the July 7, 2008 amended petition of Homer Aki Mathis ("Petitioner") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied. Timely objections[1] to the Report ("Objections") were received from Petitioner. Familiarity with the Report is presumed.

Petitioner was convicted, following a jury trial, on charges of Murder in the Second Degree, Manslaughter in the First Degree, and two counts of Robbery in the First Degree. On November 20, 2003, Justice Carol Berkman, who presided over the trial, sentenced Petitioner to concurrent prison terms of twenty-five years to life on each count. After his conviction, Petitioner filed two motions to vacate judgment pursuant to Criminal Procedure Law ("CPL") 440.10, directly appealed his conviction, and petitioned for a writ of error coram nobis.

---

[1] Petitioner's Objections, dated March 6, 2012, were filed on April 18, 2012. Additionally, Petitioner filed an "Addendum" to his Objections. For purposes of this Memorandum Order, both Petitioner's original objections and the "Addendum" will be referred to as the "Objections."

Copies mailed/faxed to
Chambers of Judge Swain
7-9-2012

All such applications were denied.

Petitioner filed this habeas petition and an "Addendum" to the petition on July 7, 2008, alleging fourteen violations of his constitutional rights. Petitioner now raises the following objections to Judge Maas' Report denying his habeas petition, contending that: (1) his trial counsel were ineffective with respect to his Fourth Amendment claims; (2) a police lineup was unduly suggestive; (3) the joinder of two indictments violated his right to a fair trial; (4) both his trial and appellate counsel were generally ineffective; and (5) the prosecution engaged in misconduct.

In reviewing the Report, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C.A. § 636(b)(1)(c) (West 2006). The Court is required to make a de novo determination as to the aspects of the Report to which specific objections are made. United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). When a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report only for clear error. See Camardo v. General Motors HourlyRate Employees Pension Plan, 806 F.Supp. 380, 382 (W.D.N.Y.1992) (court need not consider objections which are frivolous, conclusory, or general, and which constitute a rehashing of the same arguments and positions taken in original pleadings); Schoolfield v. Dep't of Corr., No. 91 Civ. 1691, 1994 WL 119740, at *2 (S.D.N.Y. Apr.6, 1994) (objections stating the magistrate judge's decisions are wrong and unjust, and restating relief sought and facts upon which complaint was grounded, are conclusory and do not form specific basis for not adopting report and recommendation). Objections to a Report must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a "second bite at the apple" by simply relitigating a prior argument. Carnardo, 806 F. Supp. at

381-82.

Petitioner's five objections merely reiterate or elaborate on arguments that Petitioner made in his original habeas petition. Accordingly, these objections are entitled to only clear error review. Nonetheless, the Court has conducted a de novo review of all aspects of the Report to which objections have been made and finds Judge Maas' thorough and thoughtful analysis to be entirely correct. The Court has also reviewed the remaining aspects of the Report's analysis and finds no clear error.

For the foregoing reasons, the Court adopts the Report in its entirety, and the petition for writ of habeas corpus is denied. The Clerk of the Court is respectfully requested to enter judgment accordingly and close this case.

Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not be issued. 28 U.S.C. § 2253(c)(2); see also United States v. Perez, 139 F.3d 255, 259-60 (2d Cir. 1997). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and accordingly, any application to proceed on appeal in forma pauperis is denied. See Coppedge v. United States, 369 U.S. 438, 444 (1962).

SO ORDERED.

Dated: New York, New York
July 6, 2012

LAURA TAYLOR SWAIN
United States District Judge